492 So.2d 977 (1986)
MISSISSIPPI PRINTING COMPANY, INC. and Robert H. Hardin, Jr.
v.
MARIS, WEST & BAKER, INC., a Corporation, Norma K. Higgin, Gerrit A. Maris and Norman West.
No. 55689.
Supreme Court of Mississippi.
August 6, 1986.
Arnold F. Gwin, Greenwood, for appellant.
Michael J. Malouf, Malouf & Malouf, Jackson, for appellee.
Before WALKER, C.J., and PRATHER and GRIFFIN, JJ.
GRIFFIN, Justice, for the Court:
This defamation action was instigated by Mississippi Printing Company, Inc., a Greenwood, Mississippi, corporation engaged primarily in the business of printing, against Maris, West & Baker, Inc., an advertising agency incorporated in Mississippi and located in Jackson. Also named as defendants were the president of the corporation, the executive vice president, and an employee serving as production manager.
The complaint stated that Maris, West & Baker maliciously, and with the intent to defame and damage the reputation and business of Mississippi Printing Company, wrote a letter to the Better Business Bureau in Jackson which contained libelous statements. Maris, West & Baker counterclaimed, alleging tortious interference with business relations, slander, and abuse of process.
At the conclusion of the trial, the lower court directed a verdict in favor of the three individual defendants, sustained the appellants' motion for a directed verdict on the issue of abuse of process, and allowed the issue of tortious interference with business relations to go to the jury. Although the court overruled the appellants' motion for a directed verdict on the defendants' counterclaim for slander, no jury instructions on this issue were presented to the jury.
The jury returned a verdict against Mississippi Printing Company on the libel issue, and against Maris, West & Baker on their counterclaim.
The subject of this lawsuit was a letter written by the three individual defendants named to the Better Business Bureau in Jackson, and circulated to several of Mississippi Printing Company's clients. The letter contained accusations that Mississippi Printing Company "centered around very unbusiness-like conduct", deliberately destroyed client material, was careless, and engaged in unethical conduct by contacting *978 Maris, West & Baker's clients when Mississippi Printing was not awarded a particular bid.
The truth or falsity of the allegations contained in the letter was properly submitted to the jury for its determination of the corporation's liability. However, we are of the opinion the lower court erred in directing a verdict in favor of the corporate officers and agent.
The question of whether the officers and agents of a corporation may be held personally liable when they participate in defamatory conduct has not been addressed by this Court. However, the general rule is well established that when a corporate officer directly participates in or authorizes the commission of a tort, even on behalf of the corporation, he may be held personally liable. First Mobile Home Corporation v. Little, 298 So.2d 676 (Miss. 1974); Grapico Bottling Co. v. Ennis, 140 Miss. 502, 106 So. 97 (1925).
The potentially libelous letter was signed by the corporation's president, the executive vice president, and the production manager. Each signed in their official capacities on Maris, West & Baker stationery. It is clear that the individuals named participated directly in the publication of the letter.
It is true that the case was properly presented to the jury as to Maris, West & Baker, Inc., however we find and hold that it was error to direct a verdict in favor of the individual defendants, and that it was not harmless error under Rule 11, Miss. Sup.Ct. Rules. Therefore, the case should be retried as to the individual defendants and the corporation. Rule 11 reads as follows:
RULE 11
NO REVERSAL FOR HARMLESS ERROR
No judgment shall be reversed on the ground of misdirection to the jury, or the improper admission or exclusion of evidence, or for error as to the matter of pleading or procedure, unless it shall affirmatively appear, from the whole record, that such judgment has resulted in a miscarriage of justice. (emphasis added).
Dismissal of the individual defendants was substantive.
It is not necessary to address any other issues raised. The verdict of the jury on the counterclaim is affirmed, since no cross-appeal was taken.
REVERSED AND REMANDED.
WALKER, C.J., ROY NOBLE LEE, P.J., and DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
HAWKINS, P.J., and ANDERSON, J., not participating.