494 So.2d 358 (1986)
Howard WILSON, et al.
v.
SOUTH CENTRAL MISSISSIPPI FARMERS, INC., et al.
No. 55687.
Supreme Court of Mississippi.
September 17, 1986.
*359 Bobby L. Shoemaker, Bay Springs, Eugene C. Tullos, Raleigh, for appellants.
E. Howard Eaton, Taylorsville, John C. McLaurin, Jr., McLaurin & McLaurin, Brandon, for appellees.
Before HAWKINS, P.J., and DAN M. LEE and ANDERSON, JJ.
ANDERSON, Justice, for the Court:
This appeal is brought from a judgment of the Circuit Court of Smith County wherein that court denied entry of default judgment and after a hearing, directed verdicts in favor of all appellees except South Central Mississippi Farmers, Inc.
The case consisted of seven "soybean" suits which were consolidated by agreed order of the parties. We affirm the holding of the trial court as to South Central, Kennedy Agriculture & Supply, Inc. and Tommy C. Kennedy, individually; we reverse and remand as to James Overby and J.E. McCarty.

STATEMENT OF FACTS
South Central Mississippi Farmers, Inc., (hereinafter South Central) operated a feed mill, feed store and grain elevator in Taylorsville, Mississippi. Each of the appellants, Howard Wilson, Charles Adcox, Fred James, Rudolph Adcox, C. Gary Crumpton, Marthell Arender, and Irvin M. Bradshaw individually delivered soybeans to South Central's grain elevator in the fall of 1981 and early 1982 for storage.
Sometime prior to February 1, 1982, the soybeans delivered for storage were sold by South Central's manager, Jim Overby, without appellants' permission or knowledge and the proceeds used to pay debts of the corporation.
The appellants were not paid for their beans and thereafter initiated this suit for wrongful conversion against South Central; South Central's manager, James Overby; Tom Kennedy, a prospective purchaser of the corporation; Kennedy Agriculture, Brandon, MS, Tom Kennedy's company which had begun operation on South Central's premises on February 1, 1982, during negotiations to purchase; J.E. McCarty, Kennedy's manager and agent operating the business on these premises; Smith County Bank, where South Central maintained its account, and which held a security agreement on South Central's property; and Bunge Corporation, which had purchased beans from South Central in the past and which presently held beans delivered by Kennedy.
Smith County Bank was properly dismissed from the suit as an improper party.
Bunge Corporation, Jackson, MS, interpled the proceeds from the sale of the beans registered in the name of Kennedy and South Central Corporation into court. Bunge therefore is not considered in this suit.
At trial, after the plaintiffs rested the court directed a verdict for J.E. McCarty on the grounds that he had acted clearly as a disclosed agent for both South Central and Kennedy Agriculture.
*360 At the close of all the evidence, the court ruled that the issues of fact did not give rise to a jury question. A verdict was directed in favor of appellants against appellee South Central Farmers and the claims against the other appellees were dismissed.

I.
The appellants allege that the lower court erred in not entering a default judgment against the defendants Kennedy Agriculture and Supply, Inc., Tom C. Kennedy, individually and J.E. McCarty, individually.
Appellants Wilson, Adcox, James and Adcox filed their original complaints on May 4, 1982. Appellees Tom Kennedy, Kennedy Agriculture and Supply and J.E. McCarty filed only motions to dismiss in response. The motions to dismiss the complaints and the amended complaints were timely filed but no action was taken on the motions until the day of trial November 3, 1983. The said appellees filed answers denying the complaints later filed by appellants Crumpton, Arender and Bradshaw.
At a hearing in chambers and prior to trial, the judge considered the motions to dismiss and subsequently allowed said appellees to dictate answers of general denial into the record. The above named appellants sought entry of a default judgment for failure to file an answer, but such judgment was overruled by the court.
Rule 55(a) of the Mississippi Rules of Civil Procedure is dispositive of this issue. It provides:
(a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.
The official comments to this rule state:
The words "otherwise defend" refer to the interposition of various challenges to such matters as service, venue, and the sufficiency of the prior pleading, any of which might prevent a default if pursued in the absence of a responsive pleading. The authority in Rule 55(a) for the clerk to enter a default does not require that to escape default the defendant must not only file a sufficient answer to the merits but must also have a lawyer or be present in court when the case is called for trial; thus, a motion challenging the complaint for failure to state a claim upon which relief can be granted is within the notion of "otherwise defend." (Emphasis added).
The appellees in this case did timely file motions to dismiss which were not heard until the day of trial. Such acts were sufficient to support denial of entry of default judgment.

II.
Appellants contend secondly that the lower court erred in granting a directed verdict to Kennedy Agriculture and Supply, Inc., Tom C. Kennedy, individually, James Overby, individually, and J.E. McCarty, individually.
Tommy C. Kennedy had begun negotiations to purchase South Central sometime in 1981. On February 1, 1982, Kennedy, with the knowledge of South Central's board, moved part of his supplies and inventory into the South Central feed store and began operation of a feed, seed and fertilizer business on South Central's premises.
The issue relating to Tom Kennedy individually and Kennedy Agriculture and Supply, Inc. is whether Kennedy controlled and/or participated in the business activities of South Central so as to become a liable party. The record establishes that the beans in question had been sold and almost all of the proceeds spent prior to February 1 when Kennedy and McCarty came onto the premises.
While Kennedy's business did operate from the same building and utilized the stock of South Central, an inventory was made and the stock was kept separate and South Central was reimbursed for its stock that was sold by Kennedy.
*361 There is testimony that Kennedy consulted with Overby, South Central's agent and made recommendations regarding the needed repairs and daily operational activities of the company in anticipation of its purchase. There is however, no evidence that Kennedy directed the expenditure of the funds of the appellants in any way, nor did he receive any of the benefits from the expenditures and repairs made. Appellants failed to establish any grounds by which liability would be imputed to Kennedy or Kennedy Agriculture.
Testimony showed that in mid-February, at Overby's urging, J.E. McCarty accompanied Overby to the bank and had his name added to the bank signature card for South Central. Thereafter, McCarty admittedly wrote several checks on South Central's account for payment of utility and repair bills on behalf of South Central. He also signed and co-signed several checks to farmers as payment for beans sold by South Central.
It is the established rule that in granting a directed verdict, the court must look to the evidence and testimony of the plaintiff and its favorable inferences. Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652 (Miss. 1975).
In looking to the evidence adduced by the plaintiff/appellant, we find that McCarty actively participated in the disbursing of the funds of South Central. We believe such evidence to be sufficient to establish a jury question as to whether liability existed  at least to the extent of monies spent by McCarty. We therefore, reverse and remand the issue of McCarty's liability for proper determination.
It was admitted that appellee Jim Overby, acting as manager of South Central, sold soybeans delivered by appellants for storage without their knowledge or consent and used the proceeds to pay debts of the corporation.
The gravamen of Overby's defense was basically that the sale of the beans without authorization of the owners was common practice in the business and that he had been authorized to so act by the board of directors.
In light of the conflicting evidence, it is the opinion of this Court that a jury issue existed as to whether or not Overby acted wrongfully in selling the beans and applying the proceeds to the debts and operation of the corporation.
If there was tortious conduct, Overby was not insulated from liability merely because he was a disclosed agent. It has been held in this jurisdiction as well as others that any officer or agent of a corporation who actively participates in the commission of a tort [conversion] is personally liable to third persons injured thereby. First Mobile Home Corp. v. Little, 298 So.2d 676 (Miss. 1974); Mozingo v. Correct Mfg. Corp., 752 F.2d 168 (5th Cir.1985) (applying Mississippi law); Sutton v. Reagan & Gee, 405 S.W.2d 828 (Tex.Civ.App. 1966).
The applicable rule is also found in 19 C.J.S. Corporations § 849, p. 276:
The rule that directors, officers, or agents, of a corporation are liable for their torts to a person injured thereby, ... is applicable where they are guilty of conversion. This is true even though they act in behalf of the corporation and although the corporation may also be liable, as where money or property of a third person is in the hands of the corporation and the officers in control knowingly and intentionally convert it by refusing to give up possession, or by applying it to the uses of the corporation; and it is also true even though the directors, officers, or agents act in good faith, and do not personally benefit or profit from the conversion. All who are concerned or participate in the wrong are personally liable.
Based on the foregoing law and facts, we reverse the holding of the trial court as to appellees Overby and McCarty and remand for determination of whether their acts constituted a wrongful conversion for which liability will attach.
We affirm as to all other appellees in this cause.
This Court does not find it necessary to address the issue of ownership of the proceeds *362 from the sale of beans interpled by Bunge. The trial court had sufficient facts before it on which to base its findings.
AFFIRMED IN PART AND REVERSED IN PART AND REMANDED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and GRIFFIN, JJ., concur.