**J.D. TAPPER, d/b/a Tapper Machine Works, Plaintiff,**

v.

**LUMBERMENS MUTUAL CASUALTY COMPANY, Defendant and Third-Party Plaintiff,**

v.

**Clinton T. TAPPER, Jr., Calvin E. Foster, and Turner-Smith-Foster, Inc. f/k/a Turner-Sparrow Insurance Agency, Third-Party Defendants.**

**Civ. A. No. S86–0726(G).**

United States District Court, S.D. Mississippi, S.D.

June 2, 1987.

David O. McCormick, John L. Hunter, Pascagoula, Miss., for plaintiff.

Rhona S. Alter, Ronald G. Peresich, Biloxi, Miss., Clayton H. Farnham, H. Michael Bagley, Atlanta, Ga., for defendant/third party plaintiff.

James W. Backstrom, Pascagoula, Miss., for third party defendants.

## MEMORANDUM OPINION

GEX, District Judge.

This matter is before the Court on three separate but related motions and objections filed by the parties concerning this Court's exercise of diversity jurisdiction (28 U.S.C. Section 1332) over the instant action.

### I. *Procedural History*

On May 19, 1986, Plaintiff filed a Complaint in the Circuit Court of Jackson County, Mississippi, naming Lumbermens Mutual Casualty Company (Lumbermens) as the only Defendant. The Complaint sought the recovery of contractual, extra-contractual and punitive damages for Lumbermens' alleged tortious refusal to pay on an insur-

ance claim submitted by Plaintiff in connection with property damage sustained during Hurricane Elena in September, 1985. Thereafter Lumbermens timely removed the action to this Court pursuant to 28 U.S.C. Section 1441. By Order entered September 1, 1986, the Magistrate granted Lumbermens' Motion for leave to add Turner-Smith-Foster, Inc., f/k/a Turner-Sparrow Insurance Agency, as a third-party defendant, along with Clinton T. Tapper, Jr., and Calvin E. Foster. Citing third-party defendants'[1] alleged absence of authority to bind Lumbermens on the subject claim and an otherwise collective breach of their duty to investigate Plaintiff's previous insurance history, the third-party Complaint seeks indemnification from the third-party defendants for any judgment obtained against Lumbermens.

On September 15, 1986, Plaintiff filed a Motion to Amend Complaint and Sue an Additional Defendant, namely Turner-Smith-Foster, Inc., f/k/a Turner-Sparrow Insurance Agency, one of the aforementioned third-party defendants. By Order dated November 19, 1986, the Magistrate granted Plaintiff leave to file the Amended Complaint which seeks to charge the Mississippi-based insurance agency as a direct defendant with allegations contained in the original Complaint as well as "independent acts" of negligence and gross negligence, although averments of the agency's principal/agent relationship with Lumbermens at the time of the sale and handling of Plaintiff's claim on its policy are also contained therein. Lumbermens has timely filed its objections to the Magistrate's Order.

On November 18, 1986, Plaintiff filed a Motion to Remand, citing the Magistrate's November 19, 1986, Order and, as a consequence, its apparent elimination of this Court's diversity jurisdiction under 28 U.S.C. Section 1332.

On December 17, 1986, Lumbermens, pursuant to Rule 21 of the Federal Rules of Civil Procedure, filed its Motion to Drop Turner-Smith-Foster, Inc., as a Defendant, alleging fraudulent joinder on the part of

Plaintiff and the agency's status as a non-indispensable party.

## II. *Law and Analysis*

At the outset the Court notes that Lumbermens' removal of the instant action from State court was proper; also no objection thereto has been raised by the parties. The Court also recognizes, however, that 28 U.S.C. Section 1447(c) permits examination of subsequent developments to determine whether a case should be remanded. *In Re Merrimack Mutual Fire Ins. Co.*, 587 F.2d 642, 645–46 (5th Cir.1978). In deciding whether to remand a removed case, this Court employs the same analysis—in terms of whether jurisdiction once conferred is lost—as is used in deciding whether to dismiss a case initially filed here. *IMFC Professional, Etc. v. Latin Am. Home Health*, 676 F.2d 152, 157 (5th Cir.1982). As will be seen from the Court's following discussion, however, the Court's ruling on Lumbermens' objections to the Magistrate's Order allowing Plaintiff to file an Amended Complaint likewise results in the disposition of Plaintiff's Motion to Remand and Lumbermens Motion to Drop Turner-Smith-Foster, Inc., as a Defendant.

It is axiomatic that federal jurisdiction in the original action exists by virtue of diversity of citizenship of the parties and the sufficiency of the amount in controversy. 28 U.S.C. Section 1332. Jurisdiction of the claims asserted by Lumbermens against the third-party defendant individuals and agency exists by virtue of the doctrine of ancillary jurisdiction. In substance, this doctrine recognizes the power of a federal court, once proper subject matter jurisdiction of the main claim has been established, to adjudicate as incident thereto a related claim based wholly upon state law asserted by the defendant against a non-diverse impleaded third-party defendant. *See* 13 C. Wright, A. Miller & E. Cooper, Federal Law Practice and Procedure Section 3523 (1984); Rule 14, Federal Rules of Civil Procedure. In the instant case, with the inclusion of Turner-Smith-Foster, Inc., as a third-party defendant in October of 1986,

---

**1.** Each of the third-party defendants either re- sides or conducts business in Mississippi.

any claim asserted by Plaintiff against the agency which arises out of the subject matter of the main action must derive its authorization from Rule 14, which so permits, notwithstanding Plaintiff's attempt in its Amended Complaint to denominate the agency as a direct defendant.

The Federal Rules of Civil Procedure serve neither to confer nor retract jurisdiction. Complete diversity is required between a plaintiff and all defendants. 28 U.S.C. Section 1332. Clearly, an absence of jurisdiction would result were this Court to allow Plaintiff's claims against the third-party defendant agency. In *Fawvor v. Texaco, Inc.*, 546 F.2d 636, 639 (5th Cir. 1977), the plaintiff sued Texaco, a Delaware corporation, in federal court on the basis of diversity jurisdiction. Defendant Texaco then impleaded B & B Insulation, Inc., a Texas resident, as a third-party defendant. Since the basis of the action was a state law claim, B & B could not have been sued directly by the plaintiff in federal court. Because Texaco impleaded B & B, however, the plaintiff asserted a negligence claim against B & B. The Fifth Circuit rejected the plaintiff's argument that "ancillary jurisdiction and convenience" justified his state law claim against B & B in federal court and made it clear that "an independent basis of jurisdiction is necessary for a plaintiff in a diversity action to assert a nonfederal claim against a non-diverse third-party defendant."

The Fifth Circuit's determination in *Fawvor* was effectively affirmed in *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), where an Iowa citizen, as administratrix of her deceased husband's estate, brought a wrongful death action against a Nebraska corporation in district court with federal jurisdiction based on diversity of citizenship. After the Nebraska corporation filed a third-party complaint against another company, the administratrix was permitted to amend her complaint and named the second company as an additional defendant, alleging it to be a Nebraska corporation with its principal place of business in that state. Following the original defendant corporation's successful motion for summary judgment, it was disclosed at trial that the second company's principal place of business was Iowa, and therefore it was a citizen of that state for purposes of diversity jurisdiction. The second company then moved to dismiss the action, claiming that the district court lacked federal jurisdiction since both parties were Iowa citizens. After a jury verdict in favor of the administratrix was rendered, the district court denied the company's motion to dismiss. The Eighth Circuit affirmed, holding that the district court had jurisdiction power, in its discretion, to adjudicate the claim, and that the district court had properly exercised that discretion in proceeding to decide the case, because the second company had initially concealed its Iowa citizenship from the administratrix. The Supreme Court reversed and held that the district court lacked power to entertain the claim against the third-party defendant following the dismissal of the action as to the primary defendant, absent an independent basis for federal jurisdiction over that claim, since (1) Section 1332(a)(1) required complete diversity of citizenship among the parties, and (2) such a claim was not within the ancillary jurisdiction of federal courts over nonfederal claims. The court stated " ... neither the convenience of litigants nor considerations of judicial economy can suffice to justify extension of the doctrine of ancillary jurisdiction to a plaintiff's cause of action against a citizen of the same State in a diversity case."

 It is evident, therefore, that although ancillary jurisdiction is a discretionary doctrine, judicial construction of Section 1332 has prescribed fixed boundaries which may not—by virtue of the sheer *ultra vires* nature of the act—be transgressed.[2] A plaintiff simply may not be

---

2. On a related note, the Court is mindful of the Fifth Circuit's rejection in *IMFC Professional, Etc., supra* at 159 n. 15 of its previous implication from the dictum in *In Re Merrimack Mut.* *Fire Ins. Co.*, 587 F.2d 642, 647 n. 8 (5th Cir. 1978) to the effect that a district judge is not vested with the discretion to allow the joinder of a non-diverse, non-indispensable defendant.

permitted to circumvent Section 1332(a)(1)'s diversity requirement by asserting claims based on state law against a non-diverse third-party defendant in federal court. Interest in judicial economy does not authorize a federal court to exercise ancillary jurisdiction over such a claim as it is without an independent basis for federal jurisdiction. Accordingly, the Court finds that the Magistrate lacked the power to enter the November 19, 1986, Order granting Plaintiff leave to file its Amended Complaint and that such action was contrary to law.[3] In view of this determination, Plaintiff's Motion to Remand should be denied and Lumbermens' Motion to Drop Turner-Smith-Foster, Inc., as a defendant should also be denied as moot.[4]

An Order consistent with the finding in this Memorandum Opinion will be entered by the Court.

### ORDER

This cause having come before the Court on Lumbermens' objections to the Magistrate's Order filed November 19, 1986, Plaintiff's Motion to Remand and Lumbermens' Motion to Drop Turner-Smith-Foster, Inc., as a defendant and the Court, after having duly considered the arguments and briefs submitted by the respective parties, and having rendered its Memorandum Opinion this date addressing same, finds (1) that the Magistrate's Order should be rescinded and vacated as it is contrary to law; (2) that Plaintiff's Motion to Remand should be denied; and (3) that Lumbermens' Motion to Drop Turner-Smith-Foster, Inc. as a defendant should be denied as moot. It is, therefore,

ORDERED AND ADJUDGED that the Magistrate's Order filed November 19, 1986, be, and the same is hereby, rescinded and vacated as it is contrary to law. It is further,

ORDERED AND ADJUDGED that Plaintiff's Motion to Remand be, and the same is hereby, denied. It is further,

ORDERED AND ADJUDGED that Lumbermens' Motion to Drop Turner-Smith-Foster, Inc., as a Defendant be, and the same is hereby, denied as moot.

The *IMFC* court "reserve(d) for decision when the issue is squarely presented whether a district court may allow joinder of a non-diverse party who is not indispensable even though such joinder may result in remand." Although this precise issue was not presented in *Robinson v. National Cash Register Co.*, 808 F.2d 1119 (5th Cir.1987), there the Fifth Circuit condoned the district court's refusal to remand where at the time of removal a non-diverse defendant was present. The Fifth Circuit, relying on *Green v. Amerado Hess Corp.*, 707 F.2d 201, 205 (5th Cir.1983), *cert. den'd*, 464 U.S. 1039, 104 S.Ct. 701, 79 L.Ed.2d 166 (1984) and *Tedder v. FMC Corp.*, 590 F.2d 115, 117 (5th Cir.1979), was satisfied with the removing party's proof that there was either "absolutely no possibility" that the non-diverse defendant would be liable to plaintiff in state court or that there was "no arguably reasonable basis" that state law might impose liability on the non-diverse defendant and thus affirmed the propriety of the removal.

3. *Cf. Lamar Haddox Contractor, Inc. v. Potashnick*, 552 F.Supp 11 (M.D.La.1982).

4. Although the Court need not address the question of fraudulent joinder or whether the agency is an indispensable party, the Court's ruling should not be construed as a comment on the potential validity or merits of any claim plaintiff might attempt to allege against the agency in state court. The Court simply acknowledges Mississippi authority which holds that even though an agent who is acting within his authority for a disclosed principal and who is not himself a party to the contract is not liable on any contract of the principal, *Columbus v. Reliance Ins. Co.*, 626 F.Supp. 1147 (S.D.Miss. 1986), an agent who actively participates in the commission of a tort, even on behalf of his principal, is personally liable to third persons injured thereby. *Mississippi Printing v. Maris, West & Baker*, 492 So.2d 977 (Miss.1986); *Wilson v. South Central Mississippi Farmers*, 494 So.2d 358 (Miss.1986). Stated differently, although an insurance agent acting on behalf of a disclosed carrier principal in procuring insurance policies for a client does not become a party to the insurance contract and thus may not be held liable for damages caused by breach of the contract by the insurer, *Patton v. Aetna Ins. Co.*, 595 F.Supp. 533 (N.D.Miss.1984), certain actions or omissions attributable to the agent while having undertaken to procure a client's requested coverage may subject the agent to tortious and, in some instances, contractual liability. *Southside, Inc. v. Clark*, 460 So.2d 113 (Miss.1984).