**Robert WATERS and Gladys Waters, Plaintiffs,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and R.W. "Rudy" Wallace, Defendants.**

**Civ. A. No. H–94–1501.**

United States District Court, S.D. Texas, Houston Division.

July 12, 1994.

Marc Evan Kutner, Houston, TX, for plaintiffs.

Joseph F. Nistico, Jr., Robert W. Carter, Jr., Nistico & Crouch, Houston, TX, for defendants.

## ORDER

HARMON, District Judge.

Pending before the Court in the above referenced action to recover underinsured motorist benefits and alleging fraud, violations of the Deceptive Trade Practices Act, and of the Texas Insurance Code, are the following interrelated motions:

(1) Plaintiffs Robert Waters and Gladys Waters' motion for remand (# 4);

(2) Defendants State Farm Mutual Automobile Insurance Company ("State Farm") and R.W. "Rudy" Wallace's ("Wallace's") motion to dismiss or, in the alternative, for more definite statement (# 6); and

(3) Plaintiffs' motion for postponement of ruling on # 6 (# 7).

Alleging fraudulent joinder of State Farm agent Wallace, Defendants removed this suit from the 208th Judicial District Court of Harris County, Texas on the basis of diversity jurisdiction. They contend in the notice of removal that no cause of action exists against Wallace, a Texas resident, under the facts of this case and that there is no reasonable basis for imposing liability against him.

Plaintiffs move for remand arguing that there is no diversity jurisdiction or fraudulent joinder and that Wallace committed actionable fraud and made material misrepresentations in violation of state statutes and common law. *State Farm Fire & Casualty Co. v. Gros*, 818 S.W.2d 908, 913 (Tex.App.—Austin, 1991 no writ) (agent is personally liable for misrepresentations and deceptive trade practices occurring during the course of an agency relationship).

State Farm responds that Plaintiffs fail to allege any facts to support their conclusory claims against Wallace in violation of Fed.R.Civ.P. 9(b). Speculative and conclusory allegations do not state a cause of action without factual support. *Jewell v. City of Covington*, 425 F.2d 459, 460 (5th Cir.), *cert. denied*, 400 U.S. 929, 91 S.Ct. 195, 27 L.Ed.2d 189 (1970). When fraudulent joinder is asserted, the district court must

"pierce the pleadings" to determine whether a cause of action grounded in facts exists. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990). Failure to specify a factual basis for recovery against a non-diverse party constitutes a failure to state a claim and fraudulent joinder of that party. *Doe v. Cloverleaf Mall*, 829 F.Supp. 866, 870 (S.D.Miss.1993). Defendants quote a letter received from Plaintiffs' counsel, Marc Kutner, regarding their request for supporting facts:

> You also wanted to know what the allegations are against Mr. Wallace. Other than what is *clearly set out* in the petition, I can tell you the following. Mr. Wallace is the agent that wrote my clients' policy for State Farm. Although I have conducted no discovery, I *suspect* that the evidence will show that Mr. Wallace did make material misrepresentations as to what benefits the Waters were purchasing. I would be surprised to find that Mr. Wallace made no representations whatsoever to the Waters before he wrote the policy, and accepted a fee for doing so....

Defendants protest that such unsubstantiated claims and speculation cannot support allegations of common law and statutory fraud or prevent removal on diversity grounds. *Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 880 (1st Cir.1991). Indeed, "given the relative financial positions of most [insurance] companies versus their ... [agents], the only time an ... [agent] is going to be sued is when it serves a tactical legal purpose, like defeating diversity." *Ayoub v. Baggett*, 820 F.Supp. 298, 299–300 (S.D.Tex. 1993) (finding fraudulent joinder).

■ Defendants' motion to dismiss or, in the alternative, motion for more definite statement, pursuant to Fed.R.Civ.P. 12(b)(6) and 12(e), asserts that the pleadings fail to state a cause of action because they do not specify the time, place, or content of any alleged misrepresentations by Wallace, thereby failing to satisfy Fed.R.Civ.P. 9(b)'s [1]

pleading requirements for fraud. "A complaint alleging fraud should be filed only after a wrong is reasonably believed to have occurred; it should serve to seek redress for a wrong, not find one." *Segal v. Gordon*, 467 F.2d 602, 607–08 (2d Cir.1972). These pleading requirements serve three purposes: to permit defendants to respond meaningfully, to bar groundless claims as a pretext for a fishing expedition to discover unknown wrongs, and to safeguard defendants from frivolous charges that damage their reputations. *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 521 (5th Cir.1993). *See also Romani*, 929 F.2d at 880. They insist that original petition is too vague for Defendants to prepare a responsive pleading. Should the Court not dismiss the allegations against Wallace for failure to state a claim, they request the Court to order Plaintiffs to file a more definite statement.

Instead of responding to the motion to dismiss or for more definite statement, Plaintiffs filed their motion for postponement requesting the opportunity for discovery and maintaining they have met their pleading obligations by stating a colorable claim. Plaintiffs cite no legal authority to support their stance.

■ After reviewing the original petition, the record, and the applicable law, this Court concurs with Defendants that Plaintiffs have failed to satisfy pleading requirements for alleging fraud and therefore have failed to state a cause of action against Wallace. Accordingly, the Court

ORDERS the following:

(1) Plaintiffs' motion to remand is DENIED;

(2) Defendants' motion to dismiss the claims against Wallace is GRANTED;

(3) Defendants' motion for more definite statement is MOOT; and

---

**1.** Rule 9(b) provides, "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The Rule requires at the very least the "particulars of time, place, and contents of the false

representations as well as the identity of the person making the misrepresentation and what he obtained thereby." *Tel–Phonic Services, Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir.1992).

(4) Plaintiffs' motion for postponement is DENIED.