Curtis L. ADDISON, Jr., d/b/a Addison Auto Body Repair,

v.

**ALLSTATE INSURANCE COMPANY, an Illinois Corporation, and Dennis Dyse**

**Civil Action No. 399CV150LN.**

United States District Court,
S.D. Mississippi,
Jackson Division.

June 3, 1999.

Bob Owens, Rajita M. Iyer, Owens Law Firm, Jackson, Barry H. Powell, Jackson, MS, for Plaintiff.

William C. Griffin, Trent L. Walker, Currie, Johnson, Griffin, Gaines & Myers, Jackson, MS, for Defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, Chief Judge.

This cause is before the court on motion of plaintiff Curtis L. Addison, Jr., d/b/a Addison Auto. Body Repair to remand to state court, and on cross motion of defendant Dennis Dyse to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dyse and Addison have responded to the respective motions. The court, having considered the motions and accompanying memoranda, concludes that Addison's motion is not well taken and should be denied and that Dyse's motion is well taken and should be granted.

On January 26, 1999, plaintiff, a Mississippi resident, filed this action against Allstate Insurance and Dennis Dyse, an Allstate adjuster, in the Circuit Court of Hinds County, Mississippi asserting claims for tortious interference with business relations and violation of Miss.Code Ann. § 83–11–501 (Supp.1998) based on allegations that Allstate implemented through its adjusters a "steering policy" that has "the purpose and effect of requiring a large percentage of its customers to utilize repair shops selected by Allstate ...."[1] Defendants timely removed the case to this court on the basis of diversity jurisdiction asserting that "the [Mississippi] citizenship of Dyse does not defeat this Court's subject matter jurisdiction, since his joinder as a defendant was fraudulent." Plaintiff has moved for remand contending that because Dyse is a properly joined defendant, complete diversity does not exist and therefore this court lacks jurisdiction over the case. Dyse has moved to dismiss the claims against him on the ground that the "unsupported and conclusory assertion[s]" in the complaint are insufficient to "state[ ] a colorable claim that permits recovery against Dyse." The court will address the motions in turn.

The principles to be applied when a party alleges fraudulent joinder are well settled in this circuit. The removing party can establish that a defendant in an action has been fraudulently joined by demonstrating (1) that there has been fraud in the pleading of jurisdictional facts, (2) that there is no possibility that the plaintiff would be able to establish a cause of action against the nondiverse defendant in state court or (3) that the facts asserted with respect to the nondiverse defendant are so clearly false as to reflect that no factual basis existed for any honest belief on the part of the plaintiff that there was joint liability.[2] There are no allegations in this case that plaintiff fraudulently pled the jurisdictional facts and therefore, in order to defeat plaintiff's motion to remand, defendants must show either that plaintiff could not establish a cause of action against Dyse in Mississippi state court or that the facts alleged with respect to Dyse's liability are "so clearly false" as to

---

1. Miss.Code Ann. § 83–11–501 provides, in pertinent part: "No insurer may require as a condition of payment of a claim that repairs to a damaged vehicle ... must be made by a particular contractor or motor vehicle repair shop ...."

2. *Swindoll v. BL Dev. Corp.*, No. 2:98CV140-D-B, 1998 WL 930752, *2 (N.D.Miss. Nov.5, 1998) (citing *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992); *Jernigan v. Ashland Oil*, 989 F.2d 812, 814 (5th Cir.1993); and *Bolivar v. R & H Oil & Gas Co., Inc.*, 789 F.Supp. 1374, 1376–77 (S.D.Miss.1991)).

demonstrate a lack of factual basis for plaintiff's claims against him.

Defendants have taken the former avenue is this case. In the notice of removal they asserted, "The Complaint . . . attempts to bootstrap liability onto defendant Dyse merely by making a single bald assertion that Dyse 'participated in' the alleged policy and practice. This unsupported and conclusory assertion is inadequate to create liability for Dyse . . . ." Further, in response to the remand motion, defendants posit that the conclusory allegations against Dyse do not create a reasonable possibility of recovering against him in state court.

The question of whether plaintiff could possibly establish a claim against Dyse in state court is resolved by reference to Mississippi law. Mississippi follows the general rule that individual liability of an officer or agent of a corporation may not be predicated merely on his connection to the corporation but must have as its foundation "individual wrongdoing." *Turner v. Wilson*, 620 So.2d 545, 548 (Miss.1993). The officer or agent may be held personally liable when he " 'directly participates in or authorizes the commission of a tort.' " *Id.* (quoting *Mississippi Printing Co., Inc. v. Maris, West & Baker, Inc.*, 492 So.2d 977, 978 (Miss.1986)). Said another way, " '(A)ny officer or agent of a corporation who actively participates in the commission of a tort is personally liable to third persons injured thereby.' " *Id.* (quoting *Wilson v. South Cent. Miss. Farmers, Inc.*, 494 So.2d 358, 361 (Miss. 1986)). The " 'thrust of the general rule' " is that the officer or agent to be held personally liable must have some " 'direct, personal participation in the tort, as where the defendant was the guiding spirit behind the wrongful conduct or the central figure' " in the tortious conduct. *Id.* (quoting *Mozingo v. Correct Mfg. Corp.*, 752 F.2d 168, 174 (5th Cir.1985)). In other words, the agent must have had more than simply a "peripheral involvement" in the alleged tort. *Mozingo*, 752 F.2d at 174.

It is with the applicable Mississippi law in mind that the court now turns to defendants' charge of fraudulent joinder. In analyzing a fraudulent joinder issue, whether a claim has been stated against the resident defendant depends on whether there is a "possibility that a state court would find a cause of action stated on the *facts* alleged by the plaintiff." *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549–50 (5th Cir.1981) (emphasis added). To evaluate this issue the court is not limited to the pleadings but may "pierce the pleadings" and review all evidence properly placed before it so as to avoid a plaintiff's depriving diverse defendants of a federal forum by mere conclusory allegations which have no basis in fact. *Doe v. Cloverleaf Mall*, 829 F.Supp. 866, 870 (S.D.Miss.1993). "Where the plaintiff's complaint is devoid of any *factual* allegations suggesting a basis for recovery against a particular defendant, there can be no ground for concluding that a claim has been stated." *Id.* (emphasis in original). In sum, failure to specify a factual basis for recovery against a nondiverse party constitutes a fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 108 (S.D.Tex.1994).

In the instant case, plaintiff alleges in the complaint that "[a]t all times material, Defendant Dyse was employed as an adjuster for Allstate and was acting within the scope of his agency and employment." He further avers that

[u]pon information and belief, Defendant Dyse participated in th[e] steering policy and practice of Allstate. Plaintiff's repair shop is one of the repair shops from which Allstate and Dyse have wrongfully diverted business. . . . The acts were intentional and willful. The acts were calculated to cause damage to the plaintiff and others similarly situated in their lawful business.

There are *no factual allegations* in the complaint relative to Dyse's "participation" in the alleged "steering policy,"

much less factual allegations that would tend to suggest that his involvement was anything other than merely "peripheral." There are, for example, no allegations concerning how or to what extent he, as an adjuster, "wrongly diverted business" away from plaintiff by conditioning the payment of claims on the use of certain repair shops. In addition to his failure to *allege* any factual basis for a claim against Dyse, plaintiff, with knowledge of the basis of defendants' removal, has failed to submit any evidence beyond the pleadings to provide factual clarification for his otherwise vague and conclusory assertions.[3] Therefore, without a factual basis for concluding that Dyse "directly," "personally," and "actively" participated in the alleged steering policy, the court concludes that plaintiff would have no possibility of establishing a cause of action against Dyse in state court and that Dyse was fraudulently joined to defeat diversity. *See Scaffidi v. Thompson–Hayward Chem., Inc.,* No. 94–3860, 1995 WL 341569, *3 (E.D.La. June 6, 1995) (denying motion for remand where, "other than a bare allegation plaintiffs have factually alleged nothing" to satisfy the required elements to establish liability of the resident defendants).[4]

■ Having determined that Dyse was fraudulently joined, the court has little trouble also concluding that the claims against him should be dismissed pursuant to Rule 12(b)(6). The standards to be applied for a fraudulent joinder claim and for dismissal for failure to state a claim under Rule 12 are "nearly identical." *Perkins v. Mari Trend, Inc.,* No. 96–941, 1996 WL 277613, *2 (E.D.La. May 21, 1996); *see also Whitworth v. Lance, Inc.,* No.

---

3. Neither party in this case submitted evidentiary proof along with their submissions. While the burden is on *defendants* to establish that Dyse's joinder was fraudulent, *see B., Inc.,* 663 F.2d at 549, the court has uncovered no case where a defendant was required to present evidence when attacking a complaint which, on its face, failed to include the factual allegations necessary to state a claim against the resident defendant in state court and where the plaintiff failed to proffer any evidence of the necessary facts. On the other hand, where the face of the complaint does contain adequate factual allegations to state a claim against the resident defendant, but where the defendant challenges the veracity of those allegations under the third method of establishing fraudulent joinder set out in *Swindoll, supra,* at least one court has concluded that the failure of the defendant to submit evidentiary proof regarding the falsity of the alleged facts was fatal to its fraudulent joinder claim because it could "not carry its heavy burden of establishing fraudulent joinder in this case with such non-presentation of evidence." *Miller v. Rheem Mfg. Co., Inc.,* No. 1:96CV33–D–D, 1996 WL 408090, *3 (N.D.Miss. May 17, 1996).

In this case, unlike in *Miller,* defendants do not challenge the veracity of plaintiff's allegations. Instead, they contend that there are *no specific factual allegations* in the complaint which create a possibility of recovery against Dyse in state court. The court agrees, and under those circumstances, it is incumbent upon the plaintiff to offer some evidence of the facts which he contends support his claims against the resident defendant. *See Doe,* 829 F.Supp. at 870 ("Because plaintiff … has not demonstrated the existence of *any facts* which could reasonably be viewed as supporting her claim against the resident defendants, the motion to remand should [be] granted.").

4. Assuming without deciding that the "direct, personal participation" standard which applies to the torts of agents does not apply to plaintiff's claim under § 83–11–501 because the liability thereunder would be statutory rather than strictly tortious, defendants take the position that Dyse cannot be held liable under that statute in any event because, on its face, the statute applies to "insurers" and Dyse is not an insurer. The court finds defendants' argument persuasive. This court has held that § 83–11–501, which creates liability where none existed at common law, would be construed by the Mississippi Supreme Court most favorably to the person or entity subjected to the liability, so that liability "could not be extended beyond that which is clearly indicated by the express terms or by the necessary implication from the language used." *Hardy Bros. Body Shop v. State Farm Mut. Auto. Ins. Co.,* 848 F.Supp. 1276, 1287 (S.D.Miss.1994). As such, the court concludes that this theory of statutory liability does not allow plaintiff to survive defendants' fraudulent joinder charge—certainly where, as already discussed, he has provided no specific factual allegations with respect to any direct personal involvement which Dyse may have had in the alleged "steering policy."

3:96CV3218P, 1997 WL 446455, *2 (N.D.Tex. July 28, 1997). A Rule 12(b)(6) motion should be granted if it appears beyond a doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Rubinstein v. Collins,* 20 F.3d 160, 166 (5th Cir.1994). Stated another way, dismissal is proper under Rule 12(b)(6) if the complaint lacks an allegation regarding a required element necessary to obtain relief. *See Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir.1995).

In addition, just as with a fraudulent joinder claim, to avoid dismissal for failure to state a claim, a plaintiff "must plead specific facts, not mere conclusory allegations." *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir.1992). The court will not accept as true any conclusory allegations or unwarranted deductions of fact. *Dolenz v. Akin,* No. 3:95–CV–1605–P, 1997 WL 21388, *2 (N.D.Tex. Jan.14, 1997); *see also Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").

As already discussed, plaintiff has merely alleged, in vague and conclusory fashion, that "upon information and belief, Defendant Dyse participated in th[e] steering policy and practice of Allstate." He has failed, however, to plead any facts delineating the nature of this "participation" and the manner in which Dyse was involved in the alleged "policy and practice." As a result, plaintiff's "[c]onclusory allegation[ ] unsupported by any factual assertions will not withstand [the] motion to dismiss." *Briscoe v. LaHue,* 663 F.2d 713, 723 (7th Cir.1981).

Based on the foregoing, the court concludes that Dyse was fraudulently joined to defeat diversity and, therefore, plaintiff's motion for remand is denied. In addition, since plaintiff has failed to state a claim against Dyse, the latter's motion to dismiss is granted.