Ron CHRISTMON d/b/a Triple
"C" Collision Repair
Shop, Plaintiff

v.

ALLSTATE INSURANCE COMPANY
and Dennis Dyse, Defendants

Civil Action No. 3:99–CV–151B.

United States District Court,
S.D. Mississippi,
Jackson Division.

July 1, 1999.

Bob Owens, Rajita M. Iyer, Owens Law Firm, Jackson, MS, Barry H. Powell, Barry H. Powell, Attorney, Jackson, MS, for plaintiff.

William C. Griffin, Trent L. Walker, Currie, Johnson, Griffin, Gaines & Myers, Jackson, MS, for defendants.

### OPINION AND ORDER

BARBOUR, District Judge.

The Court has before it the Motion of Plaintiff to Remand and the Motion of Defendant Dennis Dyse to Dismiss. Having considered the motions, responses, rebuttals and applicable legal authorities, the Court rules that the Motion to Remand is not well taken and is hereby denied. The Court further rules that the Motion to Dismiss Dennis Dyse as a Defendant is well taken and is hereby granted.

## I. BACKGROUND

Plaintiff Ron Christmon, originally filed this cause of action in the Chancery Court of Madison County, Mississippi, against Allstate Insurance Company ("Allstate") and its agent, David Dyse. Allstate is an Illinois corporation and Dyse is a resident of Mississippi. Christmon is a resident of Mississippi. The Complaint alleges that Allstate and Dyse "steered" business away from him and are therefore liable for tortious interference with business relationships and violation of Miss.Code Ann. § 83-11-501 which provides that "[n]o insurer may require as a condition of payment of a claim that repairs to a damaged vehicle ... must be made by a particular contractor or motor vehicle repair shop ...." Defendants removed the action from state court on the grounds of diversity jurisdiction, claiming that Dyse is an improper party defendant. Plaintiff then filed its Motion to Remand and Dyse filed a Motion to Dismiss him from this action.

## II. LEGAL STANDARD

Once a case has been removed from state court pursuant to 28 U.S.C. § 1441(a), a federal district court may remand a case to state court if it finds that it lacks proper subject matter jurisdiction. 28 U.S.C. § 1447(c). Complete diversity is ordinarily required in cases based on diversity of citizenship under § 1332. This requirement advances the aim of diversity jurisdiction, which is to protect out-of-state litigants against possible prejudice in favor of a local litigant. *J.A. Olson Company v. City of Winona, Mississippi*, 818 F.2d 401, 404 (5th Cir.1987).

■ Where the removing party alleges jurisdiction on the grounds that a non-diverse party was improperly joined, the removing party bears the burden of proving such allegations. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.) (citing *Laughlin*, 882 F.2d at 190), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990). Defendants must establish that the Plaintiff has no possibility of establishing a cause of action against the non-diverse Defendant in state court. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992). The Court may "pierce the pleadings" to determine whether there is a "possibility that a state court would find a cause of action stated on the facts alleged by the plaintiff." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981).

As with a fraudulent joinder claim, a motion to dismiss for failure to state a claim requires that a plaintiff "must plead specific facts, not merely state conclusory allegations." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir.1992). Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss should be granted if it appears beyond a doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Rubinstein v. Collins*, 20 F.3d 160, 166 (5th Cir.1994).

## III. DISCUSSION

The issue before the Court is whether there is a possibility that Plaintiff may prevail on the merits against Defendant Dennis Dyse. The disposition of the Court as to this issue will determine its conclusion as to both motions at hand. The Court is guided by the recent decision of its sister court in *Addison v. Allstate Ins. Co.*, 58 F.Supp.2d 729 (S.D.Miss.1999) (Tom S. Lee, Chief Judge) (dismissing Dyse from a parallel case against Allstate and Dyse filed by a different plaintiff).

■ Defendants must demonstrate that there is no possibility plaintiff can establish a cause of action in state court. *Jernigan v. Ashland Oil*, 989 F.2d 812, 814 (5th Cir.1993). To that end, they argue that Plaintiff attempts to "bootstrap" liability onto Dyse by way of a single conclusory allegation in the Complaint that Dyse "participated in" the alleged tortious activity. Mississippi follows the general rule that individual liability of an officer or

agent of a corporation must have as its basis "individual wrongdoing," not merely a connection with the defendant corporation. *Turner v. Wilson*, 620 So.2d 545, 548 (Miss.1993). The officer or agent may be held personally liable when he "directly participates in or authorizes the commission of a tort." *Id.* (quoting *Mississippi Printing Co., Inc. v. Maris, West & Baker, Inc.*, 492 So.2d 977, 978 (Miss.1986)).

In the present case, Plaintiff alleges in the Complaint that Dyse was at all material times employed as an adjuster for Allstate and was acting within the scope of his agency and employment. Plaintiff further alleges that Dyse "participated in the steering policy and practice of Allstate." There are no factual allegations as to Dyse accompanying the Complaint, Plaintiff's Motion to Remand or Plaintiff's Response to the Motion to Dismiss. Plaintiff merely recites that no facts are required to maintain the action in state court because a complaint need not include any specific factual references.

The Court finds that there is no factual basis for concluding that Dyse directly, personally and actively participated in the alleged steering policy. The Court therefore finds that Dyse was fraudulently joined to defeat diversity. Accordingly, the Motion to Remand is denied. The standards for a fraudulent joinder claim and dismissal for failure to state a claim are virtually identical. Accordingly, the Court also finds that the Motion to Dismiss is granted as to Defendant Dennis Dyse.

The Court notes that Plaintiff has requested an award of attorney's fees pertaining to his Motion to Remand. According to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *See also Avitts v. Amoco Production Co.*, 111 F.3d 30, 32 (5th Cir. 1997). While Defendant Dennis Dyse has not specifically requested an award of fees, he does request "any other relief appropri-

ate under the circumstances." Motion of Defendant to Dismiss, at 2. The Court declines to award fees to either Plaintiff or Dyse.

## IV. CONCLUSION

For the reasons set forth in this Opinion:

IT IS THEREFORE ORDERED that the Motion of Plaintiff to Remand [6] is not well taken and is hereby denied.

IT IS FURTHER ORDERED that the Motion to Dismiss [3] filed by Defendant Dennis Dyse is well taken and is hereby granted.

This cause of action remains in the jurisdiction of the United States District Court for the Southern District of Mississippi. The sole remaining Defendant in this action is Allstate Insurance Company.