Linda CONYERS; et al. **Plaintiffs**

v.

**LIFE INSURANCE COMPANY OF GEORGIA; Earnest B. Morrow; et al. Defendants**

**No. 4:03 CV 113–D–B.**

United States District Court, N.D. Mississippi, Greenville Division.

June 24, 2003.

Paul Carlton Garrison, McDaniel, Hall, Conerly & Lusk, P.C., Birmingham, AL, for Plaintiffs.

Robert L. Gibbs, Brunini, Grantham, Grower & Hewes, Martin Patrick McDowell, Brunini, Grantham, Grower & Hewes, Jackson, MS, Johnnie E. Walls, Jr., Walls Law Firm, Greenville, MS, for Defendants.

*OPINION GRANTING MOTION*
*TO REMAND*

DAVIDSON, Chief Judge.

Presently before the court is the Plaintiffs' unopposed motion to remand this matter to the Circuit Court of Washington County, Mississippi. Upon due consideration, the court finds that the motion should be granted and this cause remanded to state court for ultimate resolution.

*A.   Factual Background*

The Plaintiffs in this action are six individuals who separately purchased vanishing premium life insurance policies from the Defendant Life Insurance Company of Georgia (Georgia) through Georgia sales agents, four of whom are Defendants in this action (the individual Defendants).

The Plaintiffs filed suit in the Circuit Court of Washington County, Mississippi, on December 30, 2002, alleging that the Defendants' conduct in connection with the sale and performance of the Plaintiffs' life insurance policies renders the Defendants liable under various causes of action including fraud and breach of contract. The Defendants removed the action to this court on February 14, 2003, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Plaintiffs subsequently motioned the court to remand this matter to state court. The Defendants have not responded to the Plaintiffs' motion.

*B.   Standard for Remand*

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir.1996). After removal of a case,

the-plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In the case *sub judice*, there is no dispute that the amount in controversy exceeds $75,000. The Plaintiffs, however, assert that the court does not possess diversity jurisdiction because this action is not between citizens of different states, as is required by 28 U.S.C. § 1332.

Here, it is undisputed that the six Plaintiffs and three of the four individual Defendants are resident citizens of Mississippi. This fact, however, will not destroy federal diversity jurisdiction if the Plaintiffs fraudulently joined all of the individual Defendants in order to defeat diversity. *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir.1997). But, if the court finds that any of the individual Defendants have not been fraudulently joined, then federal diversity jurisdiction is lacking, and the court must remand this matter to state court. *See Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir.1992) (federal diversity jurisdiction exists only if no plaintiff is a citizen of the same state as any defendant); *Wright v. Combined Ins. Co. of America*, 959 F.Supp. 356, 361 (N.D.Miss.1997).

■ The party alleging fraudulent joinder bears the burden of persuasion, and that burden is quite stringent. *See Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir.2000) ("The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one."). In order to prove that a non-diverse party has been fraudulently joined by a plaintiff hoping to defeat federal diversity jurisdiction, the removing party must demonstrate either actual fraud in the pleading of jurisdictional facts, or the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003).

■ The Defendants here do not allege outright fraud, so the court must determine whether "there is any reasonable basis for predicting that [the Plaintiffs] might be able to establish [the non-diverse individual Defendants'] liability on the pleaded claims in state court." *Travis*, 326 F.3d at 647. In making this determination, the court evaluates all of the factual allegations in the Plaintiffs' pleadings in the light most favorable to the Plaintiffs, and the court examines relevant state law and resolves all uncertainties in favor of the Plaintiffs. *Hart*, 199 F.3d at 246.

■ Likewise, in evaluating a claim of fraudulent joinder, the court does not focus on whether the Plaintiffs will prevail on the merits of their claims. Instead, the court simply determines whether there is a reasonable possibility that the Plaintiffs will be able to state a claim against any of the allegedly fraudulently joined individual Defendants. *Rodriguez*, 120 F.3d at 591; *see also B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. Unit A 1981) (holding that, to successfully move for remand, plaintiff's burden is "much lighter" than that required to survive motion for summary judgment; instead, there need only be "a reasonable basis for predicting that the state law might impose liability on the facts involved" in order for case to be remanded). Further, it is axiomatic that federal courts are to construe removal statutes "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir.1996); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).

As set forth below, the court finds that the Defendants have failed to establish that there is no reasonable possibility that the Plaintiffs will be able to state a claim against the individual Defendants in state court. Accordingly, federal jurisdiction is

not present, and this cause shall be remanded to state court pursuant to 28 U.S.C. § 1447(c).

### C. Discussion

█ Whether a plaintiff states a cognizable claim against a defendant is determined by reference to the allegations made in the plaintiff's original pleadings, although the court may "pierce" those pleadings in making its determination. *B., Inc.*, 663 F.2d at 549; *Wheeler v. Frito–Lay, Inc.*, 743 F.Supp. 483, 485 (S.D.Miss.1990). In the case at bar, the Plaintiffs allege that the individual Defendants committed fraud in connection with the Plaintiffs' purchase of vanishing premium life policies from Georgia.

█ Under Mississippi law, an agent for a disclosed principal can be held personally liable for his own tortious acts committed within the scope of his employment, and a tort claim can be maintained against that agent. *Hart*, 199 F.3d at 247. The agent is subject to personal liability when he "directly participates in or authorizes the commission of a tort." *Hart*, 199 F.3d at 247 (quoting *Mississippi Printing Co., Inc. v. Maris, West & Baker, Inc.*, 492 So.2d 977, 978 (Miss.1986)); *see American Fire Prot., Inc. v. Lewis*, 653 So.2d 1387, 1391 (Miss.1995) ("[A]n individual may be held jointly liable with a corporation for a tort he commits as an agent of the corporation."). Here, the Plaintiffs have alleged that the individual Defendants, as agents of Georgia, directly participated in the commission of at least one tort, fraudulent misrepresentation, while within the scope of their employment.

While the Defendants do not oppose the Plaintiffs' pending motion to remand, the court has nevertheless analyzed the pleadings, and finds that the Plaintiffs have sufficiently alleged, in paragraphs 6 and 46 of the Complaint, that the individual Defendants engaged in conduct that has a reasonable possibility of being deemed tortious conduct under Mississippi law. Accordingly, the court shall grant the Plaintiffs' motion to remand.

### D. Conclusion

In sum, the Plaintiffs' complaint, taking all allegations set forth as true and resolving all uncertainties-of state law in favor of the Plaintiffs, at least raises a reasonable possibility that they could succeed in establishing a tort claim against the individual Defendants under Mississippi law. *See, e.g., Bank of Shaw v. Posey*, 573 So.2d 1355, 1362 (Miss.1990) (setting forth elements of fraud under Mississippi law). Accordingly, the individual Defendants' citizenship cannot be ignored for the purpose of determining subject matter jurisdiction. Their presence in this civil action means that the complete diversity of citizenship necessary to maintain federal jurisdiction over this case is absent. As such, this cause shall be remanded to the Circuit Court of Washington County for ultimate resolution.

A separate order in accordance with this opinion shall issue this day.

### ORDER GRANTING MOTION TO REMAND

Pursuant to an opinion issued this day, it is hereby ORDERED that

(1) the Plaintiffs' unopposed motion to remand (docket entry 6) is GRANTED; and

(2) this cause is hereby REMANDED to the Circuit Court of Washington County, Mississippi.