Robert S. **ABERNATHY** et ux., et al.,
Plaintiffs,

v.

**J. B. TILLER** et al., Defendants.

Civ. A. No. 1882.

United States District Court
E. D. Tennessee,
Northeastern Division.

May 16, 1965.

Jackson C. Raulston, Kingsport, Tenn., for plaintiffs.

Dodson & Dodson, Kingsport, Tenn., Carr & Edwards, Blountville, Tenn., Hunter, Smith, Davis, Norris & Waddey, Kingsport, Tenn., for defendants.

NEESE, District Judge.

The defendants Tiller removed this action for injunctive relief and damages from a state court. It appears affirmatively from the record that all the plaintiffs were, at the time this action was commenced and at the time of its removal to this court, Tennessee citizens; that, at the time the action was instituted one of the defendants, Mrs. Margaret Hicks Brown, was a resident of Tennessee, and that at the time of the removal herein, the said Mrs. Brown was a citizen of Tennessee. The removing defendants contend that this lack of diversity of citizenship as between the plaintiffs and the defendant Mrs. Brown " * * * does not

destroy the diversity of citizenship of the real parties in interest * * * ", because Mrs. Brown is not a necessary party to this action.

█ The Court cannot agree with that construction of the statute on which the jurisdiction of this Court depends herein. 28 U.S.C. § 1441. There must have been diversity of citizenship between all the respective parties plaintiff and defendant at the time of the filing of the complaint in the state court and at the time of the removal of this action, and the requisite jurisdictional amount in controversy must have been present before the jurisdiction of the state court is ever divested, 28 U.S.C. § 1441(b), unless the plaintiffs by some affirmative act have abandoned or discontinued the action against the said defendant Mrs. Brown. Stamm v. American Telephone & Telegraph Company, D.C.Mo. (1958), 129 F.Supp. 719, 721 [3, 4]. So long as Mrs. Brown remains a party defendant, the removal of this action, at least, is premature.

█ Further, it does not appear that the amount in controversy between each of the 80 parties plaintiff and the defendants is more than $10,000.00, as the diversity statute requires. There can be no aggregation of the claims of the co-plaintiffs for the purpose of establishing the existence of the requisite jurisdictional amount even if all 80 of the parties plaintiff have a community of interest. Thomson v. Gaskill (1942), 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951.

The removal of this action having been improvident and in the absence of this Court's jurisdiction, and the removing defendants being denied all relief in this court, the clerk will forthwith prepare, sign and enter an order remanding this action to the state court whence it came, taxing the defendants Tiller with all the costs of said removal, and transmit certified copies of the said order and of this memorandum to the clerk and master of the Chancery Court of Sullivan County, Part I, Kingsport, Tennessee.