**Willard H. KILPATRICK**

v.

**The ARROW COMPANY and American Employers Insurance Company.**

**Civ. A. No. 760784.**

United States District Court, W. D. Louisiana, Monroe Division.

Feb. 10, 1977.

Bobby L. Culpepper, Holloway, Baker, Culpepper & Brunson, Jonesboro, La., for plaintiff.

R. L. Davis, Jr., Theus, Grisham, Davis & Leigh, Monroe, La., for defendants.

## RULING ON MOTION

DAWKINS, Senior District Judge.

At issue is plaintiff's motion to remand filed on July 26, 1976. Plaintiff asserts (1) that defendant's petition to remove the suit was filed untimely; and (2) that subject-matter jurisdiction is lacking because complete diversity of citizenship did not exist between plaintiff and one defendant when plaintiff first filed his complaint in State Court.

■ (1) If a defendant wants to remove a suit to Federal Court, he must do so within thirty days of plaintiff's original complaint or the date the suit first becomes removable.[1] When plaintiff first filed his complaint in State Court, the case was not removable because both plaintiff and American Employers Insurance Company, an original defendant, were citizens of Louisiana.[2] However, plaintiff subsequently settled his claim against that defendant and amended his suit to dismiss American Em-

1. 28 U.S.C. § 1446. Procedure for removal

"(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State Court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

"(b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which *is* or *has become removable.* [Emphasis added.]

"(c) The petition for removal of a criminal prosecution may be filed at any time before trial.

"(d) Each petition for removal of a civil action or proceeding, except a petition in behalf of the United States, shall be accompanied by a bond with good and sufficient surety conditioned that the defendant or defendants will pay all costs and disbursements incurred by reason of the removal proceedings should it be determined that the case was not removable or was improperly removed.

"(e) Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

"(f) If the defendant or defendants are in actual custody on process issued by the State Court, the district court shall issue its writ of habeas corpus, and the marshal shall thereupon take such defendant or defendants into his custody and deliver a copy of the writ to the clerk of such State court."

2. 28 U.S.C. § 1332(c). As the liability insurer of a Louisiana citizen, American Employers, although a foreign corporation, authorized to do and doing business in this State by the *Proviso* of this section, was *deemed to be* a citizen of the same state as its insured.

ployers. Being the sole defendant left in the suit, The Arrow Company, within thirty days of plaintiff's amendment, removed the suit here based upon diversity of citizenship under 28 U.S.C. § 1441.[3]

Defendant timely removed the suit under 28 U.S.C. § 1446(b). It was not restricted to removing the suit within thirty days of service of plaintiff's original complaint, because it was not removable then. Rather, The Arrow Company was given thirty days after the suit first became removable, i. e. when plaintiff's amendment dismissed American Employers. *Weems v. Louis Dreyfus Corporation*, 380 F.2d 545 (5th Cir., 1967); *Warren Brothers Company v. Community Building Corporation of Atlanta*, 386 F.Supp. 656 (M.D.N.C.,1974).

(2) Plaintiff further argues that, for defendant to remove the suit, it must have been removable when plaintiff first filed his complaint in State Court as well as when defendant actually removed it. *Boesenberg v. Chicago Title & Trust Co.*, 128 F.2d 245 (7th Cir., 1942); *Cudney v. Midcontinent Airlines, Inc.*, 98 F.Supp. 403 (E.D. Mo.,1951).

■ Title 28 U.S.C. § 1446(b) was amended to allow defendants to remove suits which were not originally removable, but became so by later amendment. What *Boesenberg (supra)*, *Cudney (supra)*, and many other cases hold is that the filing of the original complaint fixes the citizenship of the parties to the law suit. Therefore, a defendant cannot render a suit removable merely by moving to another State after plaintiff files his original complaint in the State Court. *Porter v. St. Louis-San Francisco Railway Company*, 354 F.2d 840 (5th Cir., 1966); *Gravitt v. Southwestern Bell Telephone Company*, 396 F.Supp. 948 (W.D. Tex.,1975); *Coditron Corporation v. AFA Protective Systems, Inc.*, 392 F.Supp. 158 (S.D.N.Y.,1975).

Plaintiff cites *Abernathy v. Tiller*, 243 F.Supp. 570 (E.D.Tenn.,1965), in support of his argument that a suit must be removable when plaintiff first files his complaint, and when he actually removes the suit.

"The Court cannot agree with that construction of the statute on which the jurisdiction of this Court depends herein. 28 U.S.C. § 1441. There must have been diversity of citizenship between all the respective parties plaintiff and defendant at the time of the filing of the complaint in the state court and at the time of the removal of this action, and the requisite jurisdictional amount in controversy must have been present before the jurisdiction of the state court is ever divested, 28 U.S.C. § 1441(b), unless the plaintiffs by some affirmative act have abandoned or discontinued the action against the said defendant Mrs. Brown. *Stamm v. American Telephone & Telegraph Company*, D.C.Mo. (1958), 129 F.Supp. 719, 721 [3, 4]. So long as Mrs. Brown remains a party

---

**3.** 28 U.S.C. § 1441. Actions removable generally

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

"(d) Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter may be enlarged at any time for cause shown."

defendant, the removal of this action, at least, is premature." (P. 571.)

The Court stated very clearly that if plaintiff voluntarily had dismissed the action against the defendant whose presence prevented there being complete diversity, then the co-defendant could have removed it to federal court.

For these reasons, we must and do deny plaintiff's motion to remand.