John F. PETERS, et al. Plaintiffs

v.

METROPOLITAN LIFE INSURANCE COMPANY, f/k/a New England Mutual Life Insurance Company, et al. Defendants

No. 5:00CV321.

United States District Court,
S.D. Mississippi,
Western Division.

Sept. 14, 2001.

Alfred Lee Felder, Alfred Lee Felder, Attorney, McComb, MS, William Lewis Garrison, Jr., James Callen Sparrow, Garrison, Scott, Gamble & Rosenthal, PC, Birmingham, AL, for John F. Peters, All Plaintiffs, Bonnie C. Peters, Sammye N. Bonney, as trustee for Daniel Marston Bonney Insurance Trust, Daniel M. Bonney, Gregory P. Dinkins, Mary Ann Dinkins, Sephronia A. Gaddy, Stephanie Lett, Geraldine M. Austin, James L. Austin, Sadie Bolton, Gene E. Faucett, F. Page Gamble, William L. Garrison, Jeffrey L. Gurosky, Marsha Rogers Howell, Walter Rish Wood, Emory O. Jackson, Bridgett A. Ogburn, Pamela B. Phillips, John C. Riddle, Maurice Rogers, John R. Sam, Robert V. Scalco, Richard Terrell, Robert C. Wieczorek, James H. Joiner, Kerry Shawell, Donald L. Kozlowski, Janice D. Price, plaintiffs.

Robert E. Hauberg, Jr., Sheryl M. Bey, Philip Williams Thomas, Tiffanee Nicole Wade–Henderson, Baker, Donelson, Bearman & Caldwell, Jackson, MS, for Metropolitan Life Insurance Company.

G. Todd Burwell, William L. Latham, Jason S. Rucker, Latham & Burwell, PLLC, Jackson, MS, James Douglas Minor, Jr., Pigott, Reeves, Johnson & Minor, P.A., Jackson, MS, for Jordan A. Fulton.

J. William Manuel, Jeffrey R. Blackwood, Bradley, Arant, Rose & White, LLP, Jackson, MS, for William S. Quinn, Jr., Peter Mims, Anthony Franco, Fred Holmes, defendants.

### MEMORANDUM OPINION AND ORDER

BRAMLETTE, District Judge.

This cause is before the Court on the plaintiffs' motion to remand (**docket entry no. 6**), and on the defendant Metropolitan Life Insurance Company's motion to sup-

plement its opposition to the plaintiffs' motion (**docket entry no. 17**). Having carefully reviewed the motions, responses, and memoranda of the parties, as well as the applicable law, the Court finds as follows:

On or about November 28, 2000, the plaintiffs commenced this action by filing a Complaint in the Circuit Court of Warren County, Mississippi, naming as defendants Metropolitan Life Insurance Company, f/k/a New England Mutual Life Insurance Company; New England Mutual Life Insurance Company; New England Financial; Metropolitan Life, Inc.; Fulton A. Jordan; Fulton A. Jordan, d/b/a Jordan & Associates; William S. Quinn, Jr.; Peter Mims; Anthony Franco; Fred Holmes; and various unnamed defendants. It is undisputed that there is complete diversity of citizenship between the plaintiffs and the insurance company defendants, that the amount in controversy, exclusive of interest and costs, exceeds $75,000, and that removal was timely and procedurally proper. It is also undisputed that the individual defendants are Mississippi residents, as are some of the plaintiffs.

On December 18, 2000, the insurance company defendants [1] timely filed a Notice of Removal. In their Notice of Removal, the removing defendants contend that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Although some of the plaintiffs and the individual defendants are residents of Mississippi, the insurance company defendants claim that the Court can properly exercise diversity jurisdiction over this matter because the plaintiffs fraudulently joined the individual defendants to defeat the complete diversity requirement found in 28 U.S.C. § 1331. The removing defendants maintain that

the plaintiffs have no cognizable claim against the individual defendants and, therefore, complete diversity exists.

On January 17, 2001, the plaintiffs filed their Motion to Remand asserting that they did not fraudulently join the individual defendants, and accordingly, diversity jurisdiction does not exist.

The federal removal statute permits a defendant in a state court action to remove the lawsuit to federal district court if federal subject matter jurisdiction existed when the complaint was initially filed. 28 U.S.C. § 1441(a); *see Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1546 (5th Cir. 1991). In other words, removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *Id.*

 In considering disputes concerning jurisdiction, a "district court, in a challenged case, may retain jurisdiction only where its authority to do so is clear." *Gorman v. Abbott Laboratories*, 629 F.Supp. 1196, 1203 (D.R.I.1986). A removing defendant bears the burden of demonstrating that jurisdiction properly lies with the district court, and that removal was, indeed, proper. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.1993); *Scott v. Communications Services*, 762 F.Supp. 147, 149 (S.D.Tex.1991). A federal district court may assert jurisdiction in a case involving citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000. *See* 28 U.S.C. § 1332(a). The removing party's responsibility "extends not only to demonstrating a jurisdictional basis for removal,

---

**1.** The insurance company defendants are Metropolitan Life Insurance Company of New York, successor in interest of New England Mutual Life Insurance Company, and New England Financial d/b/a New England Life Insurance Company (incorrectly identified by the plaintiffs in their complaint).

but also necessary compliance with the requirements of the removal statute." *Albonetti v. GAF Corporation–Chemical Group*, 520 F.Supp. 825, 827 (S.D.Tex. 1981). A defendant's failure to satisfy this burden requires remand. Furthermore, when doubt exists as to the right to removal in the first instance, ambiguities are to be construed against removal. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992); *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir.1979); *Samuel v. Langham*, 780 F.Supp. 424, 427 (N.D.Tex.1992); *see also, Fellhauer v. Geneva*, 673 F.Supp. 1445, 1447 (N.D.Ill.1987).

A federal district court may remand a case to state court if it finds that it lacks proper subject matter jurisdiction. 28 U.S.C. § 1447(c). Removal based on diversity jurisdiction is proper only if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Complete diversity is ordinarily required in cases based on diversity of citizenship under § 1332. This requirement advances the aim of diversity jurisdiction, which is to protect out-of-state litigants against possible prejudice in favor of a local litigant. *J.A. Olson Company v. City of Winona, Mississippi*, 818 F.2d 401, 404 (5th Cir.1987).

As previously stated, diversity jurisdiction requires an amount in controversy exceeding $75,000 and complete diversity of citizenship among the parties, both of which must exist at the time the original action is filed in state court and at the time removal is sought.[2] *Scott*, 762 F.Supp. at 150; *Kilpatrick v. Arrow Co.*, 425 F.Supp. 1378, 1380 (W.D.La.1977); 28 U.S.C. § 1332(a). The court must make the necessary inquiries to establish its own jurisdiction when jurisdiction is placed in question. *Foret v. Southern Farm Bureau*

*Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990). If at any time following removal and before final judgment the Court discovers it lacks subject matter jurisdiction, it may remand the action back to state court. 28 U.S.C. § 1447(c).

Following the requisite inquiry by the Court, when the parties are, indeed, diverse and the amount in controversy is sufficient, a defendant has the statutory right to remove an action from state court and maintain the suit in federal court. *See* 28 U.S.C. § 1332(a). Where diversity jurisdiction otherwise exists, it "cannot be defeated by a fraudulent joinder of a residential defendant having no real connection to the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921). Thus, when determining whether complete diversity exists, courts shall disregard the citizenship of fraudulently joined defendants. *See Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir.1979).

■ In the instant action, the removing defendants assert that the plaintiffs fraudulently joined the non-diverse individual defendants for the purpose of defeating diversity jurisdiction. "[T]he burden of proving that a plaintiff fraudulently joined non-diverse defendants is heavy," and requires a removing defendant to prove fraudulent joinder by clear and convincing evidence. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir.1983); *see also Jernigan v. Ashland Oil*, 989 F.2d 812, 814 (5th Cir.1993). In order to establish fraudulent joinder, the removing parties must demonstrate either that no possibility exists that the plaintiffs would be able to establish a cause of action against the non-diverse defendants under state law, or that an outright fraud exists in the plaintiffs' pleading of the facts. *Id.* In other words,

---

**2.** The sufficiency of the jurisdictional sum is not in dispute in the instant action.

the removing defendants bear the responsibility of demonstrating by clear and convincing evidence that the plaintiffs cannot establish any cause of action against the individual defendants under Mississippi law or, alternatively, that the plaintiffs fraudulently pled the facts included in their complaint.

The Fifth Circuit has clearly described the procedure a district court should follow in deciding the issue of fraudulent joinder:

> The district court must then evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff. Moreover, the district court must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff. If, having assumed all of the facts set forth by the plaintiff to be true and having resolved all uncertainties as to state substantive law against the defendants, the district court should find that there is no possibility of a valid cause of action being set forth against the in-state defendant(s), only then can it be said that there has been a "fraudulent joinder." However, if there is even a possibility that a state court would find a cause of action stated against any one of the named in-state defendants on the facts alleged by the plaintiff, then the federal court must find that the in-state defendant(s) have been properly joined, that there is incomplete diversity, and that the case must be remanded to the state courts.

*B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549–50 (5th Cir.1981).

"[A] joinder is fraudulent if the facts asserted with respect to the resident defendant are shown to be so clearly false as to demonstrate that no factual basis existed for any honest belief on the part of the plaintiff that there was joint liability." *Bo-*

*livar v. R & H Oil & Gas Co., Inc.,* 789 F.Supp. 1374, 1376–77 (S.D.Miss.1991). All ambiguities in the controlling law of a state must be resolved in favor of the plaintiff. *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir.1990). The Fifth Circuit has made it abundantly clear and the Court is mindful of the fact that the district court need "not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so." *Dodson,* 951 F.2d at 42.

The plaintiffs' complaint alleges causes of action against the individual defendants for fraudulent misrepresentation, fraudulent concealment, and breach of fiduciary duty.

■ Under Mississippi law, the elements of a fraud claim are as follows:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on the truth; (8) his right to rely thereon; (9) his consequent proximate injury.

*Black v. Carey Canada, Inc.,* 791 F.Supp. 1120, 1123 (S.D.Miss.1990). *Accord, Spragins v. Sunburst Bank,* 605 So.2d 777, 780 (Miss.1992). To state a claim for fraud, a Complaint must allege all nine of these elements. Moreover, these allegations must be factual, and not conclusory, because conclusory allegations do not state a claim. *Addison v. Allstate Ins. Co.,* 58 F.Supp.2d 729, 734 (S.D.Miss.1999) ("to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations") (citation and internal quotation marks omitted).

In *Stasher v. Union National Life Insurance Company,* Civil Action No. 3:00–cv–58(B)(N) (S.D.Miss. March 29, 2000), the court made the following observations:

> Rule 9(b) of the Mississippi Rules of Civil Procedure governs the standards by which a claim of fraud must be pled. The rule states, "[i]n all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of the mind of a person may be averred generally." *Id.* This pleading requirement differs from the general rule that a complaint need only include a short and plain statement of the grounds for relief. *See* Miss.R.Civ.P. 8(a). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Technologies, Inc.,* 112 F.3d 175, 177 (5th Cir.1997) (citation omitted). A claim of fraud can neither be presumed nor stated in general terms. *Allen v. Mac Tools, Inc.,* 671 So.2d 636, 642 (Miss.1996) (citation omitted). "The circumstances of the alleged fraud, such as the time, place and contents of any false representation must be stated." *Id.*

*Stasher,* slip opinion at 8–9.

To be actionable, a representation must be one of past or existing fact. *Spragins,* 605 So.2d at 780. Statements that are "vague and imprecise" will not suffice. *White v. Hancock Bank,* 477 So.2d 265, 270 (Miss.1985). *Accord, Thompson v. Nationwide Mutual Ins. Co.,* 971 F.Supp. 242, 243 (N.D.Miss.1997) (agent's expression of what constituted "adequate" insurance protection was opinion, and therefore not actionable).

■ Mississippi law also recognizes that an omission or concealment of material facts can constitute a misrepresentation. *See Rankin v. Brokman,* 502 So.2d 644, 646 (Miss.1987). In order to recover damages for fraudulent concealment, a plaintiff need only show that a defendant "took some action, affirmative in nature, which was designed or intended to prevent and which did prevent, the discovery of the facts giving rise to the fraud claim." *Davidson v. Rogers,* 431 So.2d 483, 485 (Miss.1983).

The elements of a claim for breach of fiduciary duty are (1) a fiduciary relationship, and (2) its breach. Restatement (Second) of Torts § 874 and comment b.

■ The insurance company defendants argue that the plaintiffs have failed to demonstrate that there is an independent cause of action allowing any possibility of recovery against any of the individual defendants. The defendants correctly state the general rule of Mississippi law that agents for known principals incur no liability for a breach of a duty committed by the principal. *See McFarland v. Utica Fire Ins. Co.,* 814 F.Supp. 518, 521 (S.D.Miss. 1992). However, an equally well accepted corollary rule is that agents *may* incur individual liability when their conduct constitutes "gross negligence, malice, or reckless disregard for the rights of the plaintiff." *Id.* (citing *Dunn v. State Farm Fire and Casualty Co.,* 711 F.Supp. 1359, 1361 (N.D.Miss.1987)). In this regard, the plaintiffs' complaint alleges that the defendants' "representations as set forth herein were false and were known to be false when made." (Complaint ¶ 51). The plaintiffs further allege that "the defendants intentionally misrepresented material facts, failed to disclose known adverse financial conditions, and falsely represented premium vanishing points with conscious disregard to the plaintiffs' rights

and welfare." (Complaint ¶ 52). These are sufficient allegations of intentional conduct by the individual defendants. *See Phillips v. New England Mutual Life Ins. Co.*, 36 F.Supp.2d 345, 348 (S.D.Miss.1998).

■ In its Memorandum Opinion and Order of April 23, 2001, this Court found that the plaintiffs' complaint, while it alleged the requisite elements of fraud, did not comply with Mississippi Rule of Civil Procedure 9(b), which requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Miss.R.Civ.P. 9(b). "Fraud will not be inferred or presumed and may not be charged in general terms. The circumstances of the alleged fraud such as the *time, place and contents* of any false representations or conduct must be stated." *Brabham v. Brabham*, 483 So.2d 341, 342 (Miss.1986) (emphasis added). *See also Singing River Mall Co. v. Mark Fields, Inc.*, 599 So.2d 938, 944 (Miss.1992). Although the particularity requirements of Rule 9(b) are to be liberally construed and do not require the pleading of evidence, the complaint must be "sufficiently particular as to the *time, place, content and parties* who made the allegedly fraudulent statements." *Breslin Realty Assoc. v. Park Investments, Ltd.*, 1991 WL 340576 (E.D.N.Y. Dec.23, 1991) (interpreting identical language of Fed.R.Civ.P. 9(b)). Rule 9(b) also applies to a claim for breach of fiduciary duty when the claimed breach rests upon the same allegations as a fraud claim. *Id.*

■ The determination of whether the resident defendants have been fraudulently joined must be based upon the plaintiffs' pleadings at the time of removal, supplemented by summary judgment-type evidence such as affidavits and deposition transcripts submitted by the parties. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 262 (5th Cir.1995). While not required to do so, plaintiffs may submit affidavits and deposition transcripts to supplement the factual allegations in their complaint. *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 208 (5th Cir.1993).

Although the plaintiffs' complaint failed to state the time and place of particular allegedly fraudulent statements and concealments, as well as the names of the plaintiffs and defendants present, the Court noted that Rule 11 of the Mississippi Rules of Civil Procedure requires an attorney who signs a complaint to have, "to the best of his knowledge, information and belief ... good ground to support it." Miss. R.Civ.P. 11. In keeping with the standard for deciding the issue of fraudulent joinder, and in the absence of evidence to the contrary, the Court assumed that the plaintiffs' attorney had knowledge of the particulars regarding allegations of fraud, but failed to plead them.

The Court also noted that the insurance company defendants, in their notice of removal and response to the motion to remand, did not allege that no individual defendants ever sold insurance policies to any of the plaintiffs. *See Anderson v. Allstate Life Ins. Co.*, 2001 WL 228057 (S.D.Ala., Feb.1, 2001). In *Anderson*, the insurance company defendant attached to its notice of removal an affidavit of the insurance agent defendant, showing that he had never met with the plaintiffs regarding the type of insurance policy they had purchased from Allstate, that another agent had written the policy, and that he had no knowledge of the transaction nor of the policy at issue. *Id.* at *4–5. The district court found that since the defendant agent had not participated in the transaction and had no knowledge of it, he could not be found liable under any of the claims asserted by the plaintiffs including civil conspiracy to commit fraud. Because

the agent was the sole non-diverse defendant in the case, the plaintiffs' motion to remand was denied on the basis of fraudulent joinder.

In the case *sub judice*, the burden is on the defendants to show that allegations of the complaint state no possible cause of action against the individual resident defendants. *DeAguilar*, 47 F.3d at 1408. In deciding the issue of fraudulent joinder, the Court must evaluate factual allegations in the light most favorable to the plaintiffs and resolve any uncertainties about the applicable law in the plaintiffs' favor. *B., Inc.*, 663 F.2d at 549.

The Court also found in its April 9, 2001, Memorandum Opinion that the complaint was facially likely to state causes of action against at least some of the individual defendants. However, without particular allegations as to individual transactions, this Court could not conclusively so find. The Court therefore granted the parties leave to file affidavits concerning the motion to remand.

The plaintiffs filed affidavits of Gene E. Faucett and Daniel M. Bonney, two of the plaintiffs. Plaintiff Faucett states that on or about December 30, 1982, he met with New England Life Insurance agent Fred Holmes at Faucett's home in Gulfport, Mississippi. He also states that Holmes told him that he would be required to pay premiums for ten to twelve years, and no longer. Based on this representation, he converted his term life policy to a whole life policy. Faucett also states that Holmes showed him an illustration to demonstrate that no premium would be due after eleven years. (Faucett Affidavit, at 2).

Plaintiff Bonney states the following in his affidavit:

> In the fall of 1988, my wife and I were looking to purchase some insurance which would be owned by the Daniel Marston Bonney Insurance Trust. My wife, Sammye N. Bonney is the Trustee. I contacted William S. "Buddy" Quinn who was, at that time, associated with Jordan & Associates. My contact with Mr. Quinn was largely over the telephone and through the mail. As a result of my conversations with Mr. Quinn and based upon advice given by him, it was decided that a whole life policy would be purchased. The policy number of that policy was 8432497. I initially paid the first year's premium of $2,075.40 in addition to a contribution of $20,647.17. These amounts purchased my policy which had a face amount of $40,000 and additional insurance of approximately $39,000. The decision to purchase this particular policy was based upon representations made to me in late 1988 and early 1989. Mr. Quinn represented to me and provided illustrations showing that I would owe no further premiums and that this policy was superior to others and would accomplish my goals. Instead, the policy has failed to maintain the death benefit which was represented by Mr. Quinn, and is currently approximately $14,000 less than was represented to me.

(Bonney Affidavit, at 1–2).

In response to the plaintiffs' affidavits, Metropolitan Life submitted the affidavit of Ronald I. Becker, and a motion for leave to supplement its opposition to the motion to remand, along with its supplemental opposition. Metropolitan Life asserts that the claims of plaintiffs Faucett and Bonney are time-barred, and that the plaintiffs have not shown any facts capable of overcoming the allegations of fraudulent joinder.

The applicable statute of limitations is Mississippi's general statute of limitations, Miss.Code Ann. § 15–1–49, which imposes

a three-year limitation period for claims arising after March 12, 1990, and a six-year limitation period for claims arising prior to that date. The plaintiffs do not dispute that § 15–1–49 governs their claims, but claim that their claims are indistinguishable from those in *Phillips v. New England Mutual Life Ins. Co.,* 36 F.Supp.2d 345. In *Phillips,* the court cited Miss Code Ann. § 15–1–67 which provides:

> If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.

Miss.Code Ann. § 15–1–67. The *Phillips* court noted that the Mississippi Supreme Court has yet to decide if subsequent affirmative acts are required to fraudulently conceal an underlying fraud claim so as to toll the statute of limitations. *Id.* at 349. The court found that "[i]f such affirmative conduct is *not* required, this alone would make it 'possible' for plaintiffs' claims to be timely in state court." *Id.* The court then went on to find that the *Phillips* plaintiffs *had* alleged post-sale affirmative conduct which concealed from the plaintiffs the nature and extent of the deceptive sale tactics. *Id.* at 349–50. The *Phillips* court therefore found that "even if affirmative conduct is required ... plaintiffs have alleged specific facts which, if proven, make it possible for a state court to toll the statute of limitations." *Id.* at 350.

Contrary to the plaintiffs' assertion in this case, the *Phillips* court did not find pre-sale fraudulent concealment "to be essentially inherently undetectable and not time-barred." (Plaintiffs' Response to Defendants' Supplemented Opposition to Mo-

tion to Remand, at 3). Because of the ambiguity in Mississippi law regarding § 15–1–67, this Court is duty-bound to construe said ambiguity in favor of the plaintiffs. *See Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir.1990) (all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonremoving party). However, to say that the plaintiffs are not required to produce evidence of post-sale affirmative conduct is not the equivalent of saying that their claims of pre-sale fraudulent concealment are "inherently undetectable." This may be true in certain situations, but the facts must support it. In the instant case, the plaintiffs have produced no facts to support their theory that their claims are not time-barred.

■ In the case of plaintiff Faucett, he alleges that agent Holmes represented to him that he would be required to pay premiums for ten to twelve years, and no longer. Thus, at the most, he thought he was required to pay premiums for 12 years from 1983, or sometime in 1995. When he was required to pay premiums after that time, he knew of the fraud, and had three years to bring suit. He did not bring this action until November 28, 2000. Thus, his claim is time-barred.

■ In the case of plaintiff Bonney, he alleges only that he paid the first year's premium of $2,075.40, that the representations made to him by agent Quinn were in late 1988 and early 1989, and that he was told he would owe no further premiums. Like Faucett, Bonney does not offer the Court any facts concerning how he learned of the misrepresentation. The Court can only conclude that Bonney should have discovered the alleged fraud sometime in 1990, when his second annual premium became due, and that he had either three or six years to bring suit, depending on the

date. In either case, his claim filed on November 28, 2000, is time-barred.

The Court finds that the affidavits submitted by the plaintiffs are insufficient to meet their burden on the motion to remand. They do not state facts sufficient to bring the plaintiffs' claims outside of the applicable statute of limitations. The Court cannot find that there is a possibility of recovery on these claims under state law. Therefore, the motion to remand must be denied. Accordingly,

IT IS HEREBY ORDERED that the plaintiffs' motion to remand (**docket entry no. 6**) is DENIED;

FURTHER ORDERED that the defendant Metropolitan Life Insurance Company's motion to supplement its opposition to the plaintiffs' motion (**docket entry no. 17**) is GRANTED.