**Betty LITTLETON, Individually, and as Administratrix of the Estate of Wade Littleton, Deceased Plaintiffs**

v.

**AMERICAN BANKERS LIFE INSURANCE COMPANY OF FLORIDA; McRae's Inc.; Michael Rodgers; Saks, Incorporated; and John Does 1 Through 10, Defendants.**

No. CIV.A.3:02cv429BN.

United States District Court, S.D. Mississippi, Jackson Division.

Sept. 23, 2003.

Jeff Weill, Sr., Jeff Weill, Sr., Attorney, Edwin York Hannan, Law Offices of Edwin Y. Hannan, PLLC, Jackson, MS, for plaintiff.

Walter D. Willson, D. Stephen Brouillette, Jr., Wells, Marble & Hurst, Jackson, MS, for defendants.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motion of Plaintiffs to Remand. Having considered the Motion, Response, Rebuttal, attachments to each, and supporting and opposing authority, the Court finds that the Motion is not well taken and should be denied.

## I. BACKGROUND AND PROCEDURAL HISTORY

Prior to April 1, 1999, Defendant American Bankers Life Assurance Company of Florida (hereinafter American Bankers) entered into an agreement with Defendant McRae's, Inc. (hereinafter McRae's) whereby it was agreed that Defendant McRae's would solicit credit card account customers of McRae's for the purchase of certain accident insurance. Defendant McRae's sent letters to McRae's credit card holders in good standing, including Plaintiff's deceased husband, Wade Littleton, stating that they could receive $1,000.00 in accidental death and dismemberment coverage in consideration for being a credit card account customer in good standing. The premiums were paid by McRae's. Wade Littleton received his letter signed by Defendant Michael Rodgers, Senior Vice President of McRae's, on or about February 9, 1999. Defendant American Bankers issued the policy to Wade Littleton bearing an effective date of April 1, 1999. Subsequently, on or about December 27, 2000, Wade Littleton was killed in an automobile accident. Shortly thereafter, Plaintiff, Wade Littleton's wife, submitted a claim to American Bankers for the policy benefits. However, American Bankers denied Plaintiff's claim on the basis that its records showed that Wade Littleton was not covered by the insurance.

Plaintiff Betty Littleton brought suit individually and as Administratrix of the Estate of Wade Littleton against American Bankers Life Assurance Company of Florida; McRae's Inc.; Michael Rodgers; and Saks, Incorporated.[1] Plaintiff's claims include breach of contract, breach of the implied covenant of good faith and fair dealing, bad faith, negligence, gross negligence, and fraud.

On or about February 20, 2002, Plaintiff filed the present suit in the Circuit Court for the First Judicial District of Hinds County, Mississippi. Defendants timely filed a Notice of Removal, alleging, inter alia, that Defendants McRae's and Rodgers were fraudulently joined, and that diversity jurisdiction exists under 28 U.S.C. § 1332. Plaintiff Betty Littleton is a citizen of the State of Mississippi. Her late husband Wade Littleton was also a citizen of the State of Mississippi. Defendant American Bankers and Saks are corporate citizens of a state other than Mississippi. Defendants McRae's and Rodgers are citizens of the State of Mississippi. The parties agree that the amount in controversy exceeds $75,000. Plaintiffs have filed the present Motion to Remand, arguing that they have stated valid claims under Mississippi law against the non-diverse Defendants McRae's and Rodgers. The Motion to Remand is now ripe for consideration.[2]

## II. FRAUDULENT JOINDER STANDARD

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending." The removing party has the burden of proving that the federal court has jurisdiction to hear the case. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.1993), *cert. denied*, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993); *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir.1989) (holding that the "removing party bears the burden of establishing federal jurisdiction."). In cases in which the removing party alleges diversity of citizenship jurisdiction on the basis of fraudulent joinder, "it has the burden of proving the fraud." *Laughlin*, 882 F.2d at 190; *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.1990), *cert. denied* 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990). To establish fraudulent joinder, the removing party must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. Mar.28, 2003)(citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir.1999)); *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir.1995); *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir.1995).

When considering whether a non-diverse defendant has been fraudulently joined to defeat diversity of citizenship jurisdiction, courts should "pierce the pleadings" and consider "summary judgment-type evidence such as affidavits and deposition testimony." *See e.g. Cavallini*, 44 F.3d at 256. *See also LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir.1992) (holding that "a removing party's claim of

---

1. Saks, Inc. was included as a Defendant because it is the parent company and/or an affiliate of McRae's.

2. The Motion to Remand was filed on May 31, 2002. The case was originally before Judge Henry T. Wingate. However, on September 9, 2003, the matter was transferred to the undersigned after Judge Wingate recused himself from the case.

fraudulent joinder to destroy diversity is viewed as similar to a motion for summary judgment.... A court is to pierce the pleadings to determine whether, under controlling state law, the non-removing party has a valid claim against the non-diverse parties"). Under this standard, plaintiffs "may not rest upon the mere allegations or denials of [their] pleadings." *Beck v. Texas State Bd. of Dental Examiners,* 204 F.3d 629, 633 (5th Cir.2000).

In *Travis,* the United States Court of Appeals for the Fifth Circuit reiterated the standard by which a plaintiff's claims must be analyzed to determine the fraudulent joinder question. The *Travis* court held:

> [T]he court determines whether that party has *any possibility of recovery* against the party whose joinder is questioned. If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This *possibility, however, must be reasonable,* not merely theoretical.

*Travis,* 326 F.3d at 648 (emphasis in original) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir.2002)). Further, conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not fraudulently joined. *See Badon v. RJR Nabisco, Inc.,* 224 F.3d 382, 392–93 (5th Cir.2000); *Peters v. Metropolitan Life Ins. Co.,* 164 F.Supp.2d 830, 834 (S.D.Miss.2001) (J. Bramlette) (holding that the allegations against non-diverse defendants "must be factual, not conclusory, because conclusory allegations do not state a claim."). Therefore, removal is not precluded merely because the state court complaint, on its face, sets forth a state law claim against a non-diverse defendant. *See Badon,* 224 F.3d at 390. Removal is proper "if the plaintiff's pleading is pierced

and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiff might establish liability on that claim against the in-state defendant." *Id.*

When conducting a fraudulent joinder analysis, a court must resolve all disputed questions of fact and ambiguities of law in favor of the non-removing party, *see Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir.1992), but *"only* when there exists an actual controversy, i.e. when *both* parties have submitted *evidence* of contradictory facts." *Badon,* 224 F.3d at 394 (emphasis in original). A court should not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts" to support his claims against the non-diverse defendant. *Id.* (citing *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994)). In the event the court, after resolving all disputed questions of fact and ambiguities of law in favor of the non-removing party, finds that there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder" and hence no basis for asserting diversity of citizenship jurisdiction. *Jernigan,* 989 F.2d at 816.

### III. ANALYSIS

In the Motion to Remand, Plaintiff claims that she has stated viable claims against Defendants McRae's and Rodgers. However, as stated in *McFarland v. Utica Fire Ins. Co. of Oneida County, New York,* 814 F.Supp. 518, 521 (S.D.Miss.1992), "where a defendant acts as an agent for a known principal, the general rule of Mississippi law is that the defendant-agent incurs no liability for a breach of duty or contract committed by the principal." The Mississippi Supreme Court has recently held that "an agent

acting on behalf of his employer is not personally liable for breaching his employer's contracts." *PDN, Inc. v. Loring,* 843 So.2d 685, 689–90 (Miss.2003) (citing *Gardner v. Jones,* 464 So.2d 1144, 1151 (Miss. 1985)). Under Mississippi law, "[a]n agent has been defined as 'a business representative who handles contractual arrangements between the principal and third persons.'" *Norris v. Cox,* 2003 WL 556123 *3 (Miss. App. Feb.25, 2003) (citing *A Dictionary of Modern Legal Usage 38* (2d ed.1995)). Under the facts of this case, the Court finds that Defendants McRae's and Rodgers were merely acting as agents of American Bankers in providing insurance to Wade Littleton. In fact, in her Complaint, Plaintiff states that "[a]t all relevant times, Defendants McRae's, Rodgers, and Saks were acting as agents and representatives of American Bankers." *See* Complaint ¶ 20. Therefore, Defendants McRae's and Rodgers cannot be held liable for the failure of American Bankers to pay the insurance policy.

In her Complaint, Plaintiff alleges in the alternative that Defendants McRae's and Rodgers failed to procure insurance for Wade Littleton. Plaintiff argues that Defendants should be estopped from admitting that Wade Littleton was covered by insurance. Plaintiff's argument is based on the fact that Defendants originally told her that her husband was not covered by insurance. In her Complaint, Plaintiff states that "in the event it is true that Plaintiff's decedent was not enrolled in the insurance program and thus had no insurance as alleged, an eventuality which is denied, then Defendant McRae's, Rodgers, and Saks negligently failed to procure such insurance on behalf of Plaintiff's decedent." *See* Complaint ¶ 36. According to Plaintiffs, Defendants have changed their position and now admit that Wade Littleton was covered by insurance in order to create grounds for removal. That is, the case can only be removed if Defendants

McRae's and Rodgers are dismissed from the lawsuit. If Plaintiff's husband was insured, then the claims against McRae's and Rodgers in paragraph 36 of the Complaint must be dismissed.

Plaintiff's argument is not well taken because Defendants admitted that Wade Littleton was covered by insurance *before* the issue of removal was raised. In their Answer, American Bankers states that Wade Littleton had accidental death and dismemberment insurance coverage. *See* American Bankers Life Assurance Company of Florida's Separate Answer and Affirmative Defenses ¶ 36. Therefore, Plaintiff's argument regarding estoppel is without merit.

 In addition, Plaintiff claims that Defendants have not properly and timely removed this case. In this case, service was perfected on all Defendants on April 2, 2002. *See* Attested Copies of the Proofs of Service, Exhibit "E". The thirtieth day following April 2, 2002, was May 2, 2002. Defendants filed their Notice of Removal in this Court on May 2, 2002. Thus, but for Plaintiff's next argument, the case was timely removed. 28 U.S.C. § 1446(b). Plaintiff argues that the case was not properly removed because Defendants did not file a copy of the Notice of Removal with the Clerk of the Circuit Court of the First Judicial District of Hinds County until May 3, 2002. However, under the federal removal statute, the Notice of Removal must be filed "promptly" with the state court. § 1446(d). The statute does not state that it must be filed in state court within 30 days. Therefore, the Court finds that the Notice of Removal was timely filed.

Plaintiff also claims that certain documents were excluded from the Notice of Removal filed with this Court and the state court. The Court notes that any omissions did not prejudice either party.

However, the Court instructs Defendants to ensure that all required documents are included with the Notice of Removal.

In addition, because Defendants McRae's and Rodgers who are seeking dismissal through joint motion are in fact dismissed through this denial of Plaintiff's Motion to Remand, Defendants' Joint Motion to Dismiss [7–1] is denied as moot.

Also, because the Joint Motion to Dismiss is denied as moot herewith, Plaintiffs' Motion to Strike [12–1] shall also be denied as moot.

## IV. CONCLUSION

Based on the holdings presented above, the Court finds that Plaintiffs have failed to assert a claim against Defendants McRae's, Inc. and Michael Rodgers for which relief may be granted in state court. Therefore, Defendants McRae's, Inc. and Michael Rodgers should be dismissed from this case, and Plaintiffs' Motion to Remand should be denied.

IT IS THEREFORE ORDERED that the Motion of Plaintiffs to Remand [11–1] is hereby denied.

IT IS FURTHER ORDERED that Defendants McRae's Inc. and Michael Rodgers are hereby dismissed from this case with prejudice.

IT IS FURTHER ORDERED that the Motion to Dismiss [7–1] of Defendant McRae's Inc. and Michael Rodgers is hereby denied as moot.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike [12–1] is hereby denied as moot.